Arthur **WARTSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

**No. 21830.**

United States Court of Appeals Ninth Circuit.

Aug. 21, 1968.

Robert P. Mandler, (argued), Los Angeles, Cal., for appellant.

George H. Rayborn (argued), Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Wm. Matthew Byrne, Jr., U. S. Atty., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and WEIGEL *, District Judge.

JERTBERG, Circuit Judge:

Following a jury trial, appellant was convicted of the offense of violating 18 U.S.C. § 2113(a).[1]

On December 7, 1966, at Los Angeles, California, the 110th and Main Street Branch of the Bank of America, a national bank, a member bank of the Federal Reserve System, and a bank whose deposits were insured by the Federal Deposit Insurance Corporation, was robbed of $1,099.00 by a lone bandit. Included in the amount taken was $100 of marked currency. Within a relatively short time appellant was arrested as the perpetrator of the robbery. He was booked and searched at a Los Angeles police station. Fourteen of the marked bills were found on his person.

During the course of the trial appellant moved to suppress the marked currency on the ground that it was the product of an unlawful search. Following hearing on the motion in the absence of the jury, the Court ruled that appellant's arrest was based on probable cause and that the subsequent search of appellant was incident to the lawful arrest. The marked currency was later admitted into evidence over the objection of appellant. The sole issue presented on this appeal is stated in appellant's brief as follows:

"The Court improperly found probable cause as a matter of law. As a result, it improperly admitted evidence that was the fruit of the illegal arrest and search."

The record discloses that the testimony of two witnesses was presented on the hearing of the motion. One was a Mr. Clarke, who was a customer of and in the bank at the time of the robbery. The other was a Mr. Smith, Los Angeles City policeman who made the arrest of appellant.

Prior to the making of the motion to suppress and the hearing thereon, the testimony of a Miss Clark, employed by the bank as a teller and the person from whom the money was taken by the bandit, and the testimony of Mr. Monroe, an employee of the bank who witnessed the robbery, had been received. Mr. Clarke, Miss Clark and Mr. Monroe described the bandit as a tall, young, male Negro. Their description of his clothes was somewhat varied. All identified the appellant as the perpetrator of the crime.

Miss Clark described his clothing to be a light olive green sweater and dark slacks. Mr. Monroe testified that the bandit was wearing dark slacks and a light grey or green sweater.

Mr. Clarke, who was in the bank at the time of the robbery, followed the bandit for several blocks, at times only a few feet behind. He observed the bandit taking off his sweater and described the bandit's slacks as light grey and his shirt as beige or light yellow or tan.

The bandit hailed a taxi and escaped. But as Mr. Clarke was returning to the bank, he saw the same cab that had picked up the robber. The cab driver said that he had taken the man to the corner of San Pedro and 117th. Mr. Clarke then reported this information to the police at the bank.

Officer Smith and his partner were patrolling in the vicinity of San Pedro and 117th when a police radio broadcast informed them that the bank robber had taken a taxi to that corner. Officer Smith testified that the broadcast described the robber as a " * * * male

* Honorable Stanley A. Weigel, United States District Judge for the Northern District of California, sitting by designation.

1. Title 18, United States Code, Section 2113(a) in pertinent part provides:
"Whoever, by force and violence, or by intimidation, takes * * * from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank * * * shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

Negro, 22, six feet two inches, 190 pounds, black and brown, medium dark brown complected, bushy hair [and] athletic build * * * " wearing "green or yellow sweater, a yellow and black shirt, and dark trousers." Later, Officer Smith testified that the broadcast described the shirt as "yellow and green." When Officer Smith arrived at the corner, he spoke to two people. According to Officer Smith, both had seen a man get out of a cab, but one person could remember only that fact. However, the other person, Mr. Dudley Jenkins, remembered more. Officer Smith testified that Mr. Jenkins told him that the taxi passenger was a " * * * male Negro, early twenties, about six feet, about 190 pounds," carrying a sweater or jacket, and had gone "into the green apartment" at 245 East 117th Street. Mr. Jenkins testified that the sweater or jacket was "green-looking". By now, approximately twenty minutes had elapsed since the robbery occurred.

Officer Smith went to the apartment indicated by Mr. Jenkins, knocked at the door, and asked the woman who answered if any male Negroes lived at the residence. The woman, appellant's sister, said yes and described appellant, in Officer Smith's words, as "Male, Negro, six feet, about 200 pounds, medium complexion." Officer Smith asked to speak with appellant, who was taking a bath. Officer Smith went to the bathroom and appellant invited him in. Either at that time or shortly thereafter, Officer Smith drew his pistol. He observed on the floor a pair of green pants. Appellant volunteered that the sweater and shirt he had been wearing that morning were in the bedroom. The shirt was yellow and black, and the sweater was a yellowish green.

Appellant was then taken outside where he was arrested. Mr. Clarke, who had chased the robber, then arrived and identified appellant as the robber.

■ The lawfulness of the arrest must be determined by reference to state law insofar as it does not violate the United States Constitution. Ker v. State of California, 374 U.S. 23, 37, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Dagampat v. United States, 352 F.2d 245 (9th Cir. 1965), cert. denied 383 U.S. 950, 86 S.Ct. 1209, 16 L.Ed.2d 212 (1965). Under California law, specifically California Penal Code, Section 836(3), "A peace officer may * * * without a warrant, arrest a person: * * * Whenever he has reasonable cause to believe that the person to be arrested has committed a felony * * *." Whether reasonable cause exists must be determined by examining the facts known to the arresting officer at the time he makes the arrest. People v. Privett, 55 Cal.2d 698, 701, 12 Cal.Rptr. 874, 361 P.2d 602 (1961). According to the California Supreme Court:

"Reasonable cause has been generally defined to be such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime. Probable cause has also been defined as having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt." (Citations omitted.) People v. Ingle, 53 Cal.2d 407, 412–413, 2 Cal.Rptr. 14, 17, 348 P.2d 577, 580 (1960).

■ Using this standard, we hold that Officer Smith did have probable cause to arrest appellant. Consequently the subsequent search was valid and the District Court properly denied appellant's motion to suppress.

Officer Smith knew at the time of the arrest that the bank robber had taken a cab to the corner of San Pedro and 117th; that a man fitting the robber's description had gotten out of a cab on the above corner and had gone toward appellant's house; that a woman at that house gave a description of appellant that matched that of the robber; and that appellant's clothes generally matched those in the description of the robber. It is clear to us that Officer Smith possessed information that provided him with sufficient probable cause to arrest appellant.

Appellant argues that probable cause did not exist, and that the arrest was made in the bathroom before Officer Smith saw appellant's clothing. Appellant contends that Officer Smith did not possess the information outlined above, and that the jury irrationally believed Officer Smith instead of Mr. Jenkins and other witnesses. Mr. Jenkins' testimony regarding what he had told Officer Smith was more vague than that of the officer. But the District Court was entitled to believe Officer Smith instead of Mr. Jenkins. Appellant states that Officer Smith could not be believed because he testified that the broadcast described the shirt as yellow and black, which appellant's was, but which did not match any description given to the police. However, as appellee points out, Officer Smith corrected his testimony to say that the broadcast described the shirt as yellow and green, which did match the descriptions given to the police. It was not arbitrary to accept Officer Smith's testimony about the facts he possessed when he went to appellant's room.

Appellant further argues that the arrest was made in the bathroom when Officer Smith pulled his gun. At that time, according to appellant, Officer Smith only knew that a person fitting appellant's general description had robbed a bank and had come to the general area. Appellant contends that he was actually restrained in the bathroom, and thus was arrested there. Nevertheless, we agree with appellee that appellant was only briefly detained in the bathroom and was not arrested until he was handcuffed outside the house. Such brief, informal detentions for a limited inquiry are not arrests and the peace officer need not possess the probable cause necessary to make an arrest. Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Gilbert v. United States, 366 F.2d 923, 928 (9th Cir., 1966), cert. denied, 388 U.S. 922, 87 S.Ct. 2123, 18 L.Ed.2d 1370 (1967); Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966).

The standard to be used in determining the legality of such detentions or "seizures" is "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry v. State of Ohio, supra. Since Officer Smith had a strong suspicion that appellant was the robber, the officer was justified in protecting himself while detaining appellant for investigative questioning.

The judgment of conviction is affirmed.