**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles B. BROWN, Defendant-Appellant.**
**No. 23662.**

United States Court of Appeals,
Ninth Circuit.
Dec. 23, 1970.

Richard J. Cohen (argued), Sausalito, Cal., for defendant-appellant.

Eric A. Nobles, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Criminal Div., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and SWEIGERT, District Judge.*

PER CURIAM:

Defendant-Appellant, Charles B. Brown, along with one Willard, Conley and Wright, was charged with violations of Title 18 U.S.C. § 2113(a), (d)— Armed robbery of a Federal Credit Union. Conley and Wright pleaded guilty. Defendant-Appellant, after severance of his case from that of Willard, was tried before the Court without a jury and found guilty as charged.

The government's theory of the case was that appellant met with the three other defendants in a Los Angeles pool hall, that the four proceeded to Bell, California, in a Volkswagen of which appellant was the driver and that, while appellant waited in the get-away Volkswagen, parked in an alley behind the Credit Union, the three others committed the armed robbery.

On this appeal appellant contends (1) that the evidence adduced at his trial was insufficient to support a finding of guilt beyond a reasonable doubt in that the government failed to show that appellant had knowledge of any intent to commit a robbery; (2) that defendant's arrest was the result of improper police detention and interrogation without probable cause and, therefore, illegal.

The evidence presented by the government was substantially as follows:

Witness Matlock testified that on June 18, 1969 about 1 p.m., while walking down an alley (which was in the rear of the Credit Union located in the vicinity of Gage and Gifford Streets, Bell, California) she observed a Volkswagen with four Negro men inside; that, passing the area again about 20 minutes later, this time driving her car, she noticed that the Volkswagen was gone.

Witness Ward testified that on the same day, about 1:15 p.m., while in the living room of her home, located at the corner of Otis and Randolph Streets, she noticed a Volkswagen parked outside her house and saw three persons in or around the car, all Negroes, one of whom, the driver, got out, looked under the hood of the car, then got in the driver's seat and made a U turn towards Otis Street; that she then reported to the police what she had seen.

Witness Grizzle, manager of the Credit Union, testified that on the same day, about 1:30 p.m., while he was lunching at the rear of the Credit Union, two Negroes with guns came around the back and ordered him to the front of the building where a third Negro was holding office employees and some customers at bay with a gun in the perpetration of a robbery.

Witness East, an officer of the Bell Police Department, testified that on the same day at about 1:18 p.m., he was responding to the area of Otis and Randolph Streets on a report to the effect that there were three male Negroes at the intersection, wearing gloves, and that they had removed something from the engine compartment of their vehicle and had then driven southbound on Otis; that he observed a beige Volkswagen parked in the alley behind the Credit Union; that, as the officer approached, the driver started the car westward down the alley, made a U turn, proceeded north on Gifford for about 50 yards and then turned left into

* Honorable William T. Sweigert, United States District Judge, Northern District of California, sitting by designation.

a private driveway; that he advised the driver (appellant Brown) to back out of the driveway and park; that he asked appellant for identification; that appellant said he had neither operator's license nor vehicle registration, claiming that the car belonged to a friend; that, responding to a question as to where his friend was, defendant stated that he was over in the shopping area; that he went to his unit to advise his station to have someone come out to the location and check for a possible robbery in progress; that he then heard a shot coming from the area of Gage and Gifford Streets and also the voice of an officer over the radio saying that he had been shot; that he then observed a Negro run into the alley to the place where appellant had originally been parked; that he thereupon placed appellant under arrest for suspicion of armed robbery.

At the close of the government's case appellant moved and argued for a judgment of acquittal under Rule 29 Fed.R. Crim.P. This motion was denied. Upon denial of this motion to acquit, defendant proceeded to present his own case. Our examination of the record does not disclose any renewal of the motion at the close of the case.[1]

It has been long held that a defendant who, after denial of his motion for acquittal, proceeds to present evidence in his defense and concludes his case without renewing the motion, thereby abandons the motion to acquit made at close of government's case and thus renders inappropriate any review of the denial of that motion. Upon such a record the case is before the Court of Appeals only upon the entirety of the evidence in the case.

O'Neal v. United States, 411 F.2d 131 (5th Cir. 1969); Anderson v. United States, 253 F.2d 419 (9th Cir. 1958); Beckett v. United States, 379 F.2d 863 (9th Cir. 1967).

Even if we construe appellant's remarks during his closing argument as equivalent to a renewal of the motion for acquittal made at close of the government's case, and upon that theory consider the evidentiary record as it was at that time, we find no error in the trial court's denial of the motion.

Appellant conceded in his argument on the motion that the government had proved beyond a reasonable doubt that the three individuals who committed the Credit Union robbery, had been in the Volkswagen with the defendant just prior to that robbery and also that defendant was occupying the driver's seat of the Volkswagen as it was parked in the alley behind the Credit Union during the perpetration of the robbery.

Thus, defendant's presence at the scene and his association with the robbers were not questioned. The only point made by appellant in his motion to acquit at close of the government's case was that the evidence was insufficient to show that defendant had knowledge of any intent to commit a robbery.

It was not necessary that the government exclude the possibility of reasonable doubt concerning appellant's knowledge of the intended robbery—only that it present facts upon which a reasonable man, drawing reasonable inferences, *could* so find beyond a reasonable doubt. Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967). Upon such a record it would be improper for the judge to grant a motion to acquit at close of the government's case— even if in the judge's opinion it would be also possible for the fact-finder to be *unconvinced* beyond a reasonable doubt. Schoppel v. United States, 270 F.2d 413 (4th Cir. 1959).

---

1. At the close of defendant's evidence, he rested; the government announced no rebuttal; defendant made no motions; the court then proceeded to hear the government's argument, then defendant's argument. Still, defendant made no motions, merely stating in the course of his argument that he would incorporate what he had said before and that his position was that the government's case before the defense started was not sufficient to sustain a judgment of guilty.

In the present case, in addition to other evidence in the government's case, it will be noted that appellant's statement that "a friend" to whom the car belonged was over in the shopping area did not quite fully disclose to the officer that, as disclosed by the government's evidence, there had been not one, but three passengers in the car. Further, it is to be noted that, just as Officer East turned into the alley behind the Credit Union, defendant, who up to that point had been parked there, started to drive away as already above described.

We are of the opinion that the evidence presented in the government's case and tending to show guilty knowledge was not so insufficient as to render erroneous the trial judge's denial of the motion for acquittal.

Upon denial of the motion for acquittal, appellant testified in his own behalf that Wright had asked him to drive (Wright) from Los Angeles to Bell, California, so that Wright could withdraw some money from a Credit Union; that appellant agreed to do so upon Wright's promise to pay him for it; that he then drove Wright and the two others in the Volkswagen car, which belonged to his sister-in-law's brother; that on arrival at Bell, one of the men wanted something to drink; that appellant stopped the car and took from under the hood of the car a bottle of R. C. Cola; that he saw some black gloves on the floor of the car which had not been there before; that one of the passengers took the gloves when leaving for the Credit Union; that appellant was merely waiting in the alley for his friends without having had any knowledge of their intent to commit a robbery.

Turning to appellant's contention that his arrest was the result of an improper police detention and interrogation, we are of the opinion that the very limited detention and interrogation of appellant prior to his eventual arrest was well within the limits recognized as allowable for that purpose.

There is nothing ipso facto unconstitutional in the brief detention of citizens for purposes of limited inquiry in the course of routine police investigation—even when the circumstances are not such as to justify an arrest. A well-founded suspicion is all that is necessary, some basis from which a court can determine that the detention was not arbitrary or harassing (Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966); Wartson v. United States, 400 F.2d 25, 28 (9th Cir. 1968) ).

The information in Officer East's possession, as shown by the evidence, was in our opinion sufficient to justify the temporary detention and interrogation in order to reasonably investigate activities which, upon the basis of the officer's information and observation, appeared suspicious.

Further, the additional circumstances arising during the temporary detention, were sufficient to justify the eventual arrest.

The judgment is affirmed.