**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Benjamin E. SAMANIEGO, Defendant-Appellant.**

**No. 26175.**

United States Court of Appeals, Ninth Circuit.

Feb. 4, 1971.

Marvin Zinman, Atty., Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Thomas E. Kotoske, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, HUFSTEDLER and TRASK, Circuit Judges.

BARNES, Circuit Judge:

Defendant-appellant, Benjamin E. Samaniego, was charged with aiding and abetting Edwin Leo Busch, who was charged with the robbery of a National Bank while using a hand gun (18 U.S.C. § 2113(a) (d)). Codefendant Busch entered a plea of guilty to the lesser included offense (18 U.S.C. § 2113(a)). Appellant waived a jury, and was tried and found guilty of aiding and abetting Busch in commission of the lesser included offense (18 U.S.C. § 2 and 18 U.S.C. § 2113(a)).

Appellant urges three errors on appeal —the insufficiency of the evidence to convict; the alleged bias on the part of the trial judge; and the alleged refusal of the trial judge to permit counsel for defendant to see all of the probation report.

We find none of the errors urged have merit, and we affirm.

### I.

"In order to aid and abet another to commit a crime a defendant must in some way associate himself with the venture—he must participate in it as something he wishes to bring about,

and he must seek by his action to make it succeed. The word abet contains within it an implication of guilty knowledge on the part of the participant." Grant v. United States, 291 F.2d 746, 748 (9th Cir. 1961); United States v. Camarillo, 431 F.2d 616 (9th Cir. 1970).

■ Of course, mere knowledge of the crime, or mere presence at the scene of it, is not sufficient evidence to convict a defendant of knowingly participating in a crime.

In United States v. Brown, 436 F.2d 702 (12/23/70), this Court recently said:

"* * * the government had proved beyond a reasonable doubt that the * * * individuals who committed the Credit Union robbery, had been in the Volkswagen with the defendant just prior to that robbery and also that defendant was occupying the driver's seat of the Volkswagen as it was parked in the alley behind the Credit Union during the perpetration of the robbery.

Thus defendant's presence at the scene and his association with the robbers were not questioned. The only point made by appellant * * * was that the evidence was insufficient to show that defendant had knowledge of any intent to commit a robbery.

It was not necessary that the government exclude the possibility of reasonable doubt concerning appellant's knowledge of the intended robbery— only that it present facts upon which a reasonable man, drawing reasonable inferences, *could* so find beyond a reasonable doubt. Crawford v. United States, 126 U.S.App.D.C. 156, 375 F. 2d 332 (1967)."

■ Were we to change the plural "individuals" to "individual", the "Credit Union" to "bank", and "Volkswagen" to "green Toyota," the facts in the Brown case would be precisely the facts in this case, and sufficient to have the issue of appellant's guilt go to the jury.[1]

But there are additional facts in this case which were not present in *Brown*, *supra*. Here the defendant not only waited in the alley behind the bank, in the driver's seat of the green Toyota, parked in a peculiar manner, and parked with the motor running, but he drove the robber (who ran to the automobile with a pistol in his hand, and who had told the appellant he had just robbed the bank) away from the scene at a high rate of speed and through a stop sign to appellant's home, where he allowed the robber to hide his loot under appellant's bed, and partially to burn his disguise in appellant's presence in appellant's fireplace. *After the robbery* he lied to officers concerning his earlier whereabouts on the day of the robbery; and about the ownership of the partially burned disguise; and told his sister to "take care" of the incriminating evidence in his bedroom. *Before the robbery* he aided the robber in attempting to disguise the planned "get away" or "switch" car (a red Toyota) (1) by furnishing a Certificate of Registration issued to the appellant, and license plates, issued to appellant's father, which were taken from a Ford truck, (2) by following the robber's "switch" car to where it was parked, and (3) by then driving the robber to the bank and awaiting his return. Prior to the robbery, appellant even advised the robber, albeit "jokingly", that to solve his (the robber's) financial problems, he (the robber) ought to rob a bank.

Clearly a reasonable man, drawing reasonable inferences, *could* have found beyond a reasonable doubt that appellant had knowledge of the intended robbery. Looking at the evidence, as we now must in the light most favorable to the prosecution, we conclude the claim of insufficiency of the evidence has no merit.

II.

■ As to the trial court's alleged bias toward appellant, his counsel concedes that he "does not urge the point to attack the verdict" (Appellant's brief, p. 14), but that he raises it only with re-

---

1. *Cf.* United States v. Simmons, 281 F.2d 354, 360 (2nd Cir. 1959).

spect to "further proceedings." While some of the trial court's language during the trial may have been slightly inaccurate with strict respect to the record, no basis for "before the fact" disqualification of the trial judge exists for whatever actions he may or may not take *in futuro*. That problem can be met when, and if, it arises.

### III.

With respect to appellant's position that counsel has a constitutional right to see all of the probation report made concerning his client, we cannot agree such a right exists. By rule of court, approved by the Supreme Court, such a matter lies within the discretion of the trial judge. Rule 32(c) (2) of the Federal Rules of Criminal Procedure (penultimate sentence) specifically authorizes the court, in its discretion, to disclose to the defendant or his counsel "all or part of the material" in the probation report.

Any judge with extensive trial experience knows there must exist a large discretion granted to the sentencing judge. Were such a provision not contained in the rules, the amount and the truth of the information given to the probation officer, in confidence from friends, family, neighbors, and employers, would dry up to a mere trickle.

Affirmed.