**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald ROBERTS, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Neil JOHNSON, Defendant-Appellant.**

**Nos. 72–1938, 72–1939.**

United States Court of Appeals,
Ninth Circuit.

Dec. 5, 1972.

Kevin J. McInerney (argued), San Diego, Cal., for defendants-appellants.

James W. Meyers, Asst. U. S. Atty. (argued), Stephen G. Nelson, Stephen W. Peterson, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and JAMESON, District Judge.*

DUNIWAY, Circuit Judge:

Roberts and Johnson appeal from their convictions under charges of conspiring to import, importing, conspiring to possess, and possessing marijuana, 21 U.S.C. §§ 841, 846, 952, 960, 963. We affirm.

The only question presented is the validity of a search of an automobile driven by Roberts and in which Johnson was a passenger. A large quantity of marijuana was found in the trunk of the car.

At about 11:15 at night two border patrol agents, Miller and Waterman, set up a patrol on Highway R–3 in Hemet, California, about 90 miles from the Mexican border. They were there because the route is one frequently used by those transporting aliens who have entered this country illegally, thereby bypassing an immigration checkpoint on a main highway at Temecula. Their car was parked off the road with its lights shining across it. They saw a Pontiac car go by. The rear end seemed to be riding low, and someone was slouched down in the front passenger's seat. Suspecting the presence of aliens, they followed the car and stopped it. Roberts left the car and met the agents. One of the agents saw Johnson and another person in the car; the other agent asked Roberts where he was going and whence he had come, explained that the agents were making a border patrol check, and asked Roberts to open the trunk. Roberts returned to the car as if to get the key, but instead drove away at high speed. After a 4-mile 90 plus miles per hour chase, the occupants abandoned the car in an open field. Agent Miller approached the car, looking for possibly injured persons. He put his head in an open window and detected a strong odor of marijuana. The trunk was then opened; in it were 168 kilo bricks of marijuana.

Appellant's counsel concedes that if our decision in United States v. Almeida-Sanchez, 9 Cir., 1971, 452 F.2d 459, cert. granted, 1972, 406 U.S. 944, 92 S.Ct. 2050, 32 L.Ed.2d 331, is correct, he has no case. He asks us either to overrule that case, or to await decision of it by the Supreme Court. We are of the opinion, however, that the trial court's refusal to suppress the evidence in this case should be upheld whether or not Almeida-Sanchez is reversed.

First, here the officers had enough of a "founded suspicion" that the car harbored aliens illegally in this country —a matter within their competence as federal officers—to justify the stop. Cf. Adams v. Williams, 1972, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; United States v. Brown, 9 Cir., 1970, 436 F.2d 702, 705; Wilson v. Porter, 9 Cir., 1966, 361 F.2d 412. If Roberts had refused to open the trunk and the officers had forced him to open it, or had opened it themselves, we would have a different case, but that is not what happened.

Second, when Roberts drove away at high speed, he thereby supplied probable cause to believe that there was someone or something in the car of an incriminating character. And when Miller approached the abandoned car and smelled marijuana, probable cause was complete. See United States v. Leazar, 9 Cir., 1972, 460 F.2d 982, 984; Duprez v. United States, 9 Cir., 1970, 435 F.2d 1276, 1277; United States v. Blackstock, 9 Cir., 1971, 451 F.2d 908, 910.

Affirmed.

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.