**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Manuel RODRIGUEZ–ALVARADO,**
**Defendant-Appellant.**

**No. 74–2331.**

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1975.

Charles E. Jones, Vista, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH and WALLACE, Circuit Judges, and JAMESON,* District Judge.

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by designation.

## OPINION

PER CURIAM:

Rodriguez-Alvarado appeals from a judgment of conviction for possession of marijuana with intent to distribute. In response to his motion to suppress, the district court found that there was the requisite founded suspicion for a stop of the vehicle operated by Rodriguez-Alvarado and sufficient probable cause for a subsequent search. It is this ruling which he challenges on appeal. We affirm.

We stated in Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966):

We take it as settled that there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations. [Citations omitted.] A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.

That is still the law which governs stops like the one in this case. See United States v. Bugarin-Casas, 484 F.2d 853, 854–855 (9th Cir. 1973), cert. denied, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974); United States v. Barron, 472 F.2d 1215, 1217 (9th Cir.), cert. denied, 413 U.S. 920, 93 S.Ct. 3063, 37 L.Ed.2d 1041 (1973); United States v. Roberts, 470 F.2d 858, 859 (9th Cir. 1972), cert. denied, 413 U.S. 920, 93 S.Ct. 3071, 37 L.Ed.2d 1042 (1973).

■ Applying that test to the case before us, we note these significant articulable facts:

1. The area in which the Border Patrol agent first saw Rodriguez-Alvarado's vehicle was one and one-half miles from the Mexican border and has a high incidence of smuggling activity.

2. Earlier that morning, sensor devices had indicated foot traffic crossing the border but there had been no apprehensions.

3. The agent first saw the car driven by Rodriguez-Alvarado accelerating to a unusually high rate of speed along a bumpy road coming from the border at 7:00 a.m.

4. The car was the only vehicle which had passed by in hours and the agent, who had been stationed in the area for three years, had never seen this particular vehicle before.

5. As the agent followed the speeding car, he saw it swerve from side to side on the road and blink its right turn signal even though there was no place to turn.

6. Although there was but one visible occupant, the vehicle appeared to be heavily loaded.

7. The vehicle continued to swerve down the road and reached speeds of 55 to 60 miles per hour in a residential area.

At this point, the Border Patrol agent turned on his siren and red light, signaling the vehicle to stop. The trial court found that these facts constituted founded suspicion justifying a stop for limited further inquiry. That finding is not erroneous.

■ This founded suspicion to stop soon matured into probable cause to search. See Wilson v. Porter, supra, 361 F.2d at 416. When the agent turned on his red light and siren, Rodriguez-Alvarado took evasive action, swerving the car from one side of the road to the other and refusing to stop. He made a left turn, jumped from the car as it was still moving and fled on foot. The finding of the district court that the agent then had probable cause to search the trunk is not erroneous. See United States v. Roberts, supra, 470 F.2d at 859; Duprez v. United States, 435 F.2d 1276, 1277 (9th Cir. 1970).

Affirmed.