962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudy Steven MARTINEZ, Defendant-Appellant.
 No. 91-50478.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 11, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy Martinez was found guilty of drug and firearm offenses. He appeals his conviction.
 
 
 3
 * The officer had ample grounds to satisfy the reasonable suspicion test to stop Martinez. United States v. Rocha-Lopez, 527 F.2d 476, 477 (9th Cir.1975), cert. denied, 425 U.S. 977 (1976). The officer was patrolling an area that "is a notorious route for circumventing the Interstate 5 checkpoint." United States v. Medina-Gasca, 739 F.2d 1451, 1453 (9th Cir.1984). Cf. United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975) (proper to consider the characteristics of an area). He observed Martinez driving a type of vehicle the officer had encountered in the past as being involved with smuggling illegal aliens. [Suppression hearing transcript Aug 7, 1990 at 8] Cf. Brignoni-Ponce, 422 U.S. at 885 (proper to consider aspects of the vehicle).
 
 
 4
 In addition, the officer noted the appellant's nervous behavior as they passed on the road. [Tr. at 27] Martinez looked at the patrol car and looked down into the passenger area, and while their vehicles were side by side, the officer saw a head pop up from the passenger side of Martinez's vehicle. [TR. at 6-7] Cf. United States v. Roberts, 470 F.2d 858, 859 (9th Cir.1972) (passenger slouched down in seat gives rise to suspicion), cert. denied, 413 U.S. 920 (1973). Furthermore, the officer felt that Martinez accelerated as the agent began a u-turn to follow him. [Tr. at 7] Brignoni-Ponce, 422 U.S. at 885 (driver's behavior, attempts to evade officers, and passengers trying to hide can support reasonable suspicion).
 
 
 5
 These factors clearly established a reasonable suspicion that Martinez was involved in smuggling aliens. Hence, his motion to suppress evidence based on an allegation of an unlawful detention from this stop was properly denied.
 
 II
 
 6
 Martinez's arguments that the length of the stop voided his consent to a car search or that the search exceeded the scope of his consent were not raised below. This court will generally not consider issues that were not presented to the district court. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3