17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Ernesto ANGULO-GUTIERREZ, Defendant-Appellant.
 No. 93-50476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Ernesto Angulo-Gutierrez appeals his conviction following entry of a conditional guilty plea to possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Angulo-Gutierrez contends the district court erred by denying his motion to suppress. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 On December 19, 1992 at 8:00 a.m. a resident reported a suspicious grey/blue AMC driving near Tierra del Sol Road in Boulevard, California, which is six to eight miles from the international border. Ten minutes later, United States Border Patrol Agents Hayden and Fitzpatrick observed Angulo-Gutierrez turn from Tierra del Sol Road in a blue Datsun.[1] The agents did not recognize the car or driver as belonging to the area. They asked Agents Ballard and Brown to follow the vehicle and run a registration check. Agents Ballard and Brown pulled behind Angulo-Gutierrez and activated their overhead lights and siren.[2] Angulo-Gutierrez made an abrupt U-turn. Agents Hayden and Fitzpatrick joined the pursuit as Angulo-Gutierrez travelled south at 50 to 65 miles per hour on a curvy road. When Angulo-Gutierrez attempted a sharp right-hand curve at that speed, a tire came off and the car came to a stop off the road. Angulo-Gutierrez then exited the car and ran south until Agent Fitzpatrick physically apprehended him. While he was being handcuffed, Angulo-Gutierrez stated, "I'm sorry, it's only marijuana." Agent Hayden found 92 kilograms of cocaine in canvas bags in the trunk of the car.
 
 
 4
 We review de novo whether reasonable suspicion existed to justify an investigatory stop. United States v. Santamaria-Hernandez, 968 F.2d 980, 983 n. 3 (9th Cir.1992).
 
 
 5
 Law enforcement officers may make an investigatory stop if they are aware of specific, articulable facts which, together with reasonable inferences, lead to a founded suspicion of criminal activity. United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975); Santamaria-Hernandez, 968 F.2d at 983. Relevant facts include obvious attempts to evade officers, proximity to the border, and that an officer familiar with the area does not recognize the vehicle. Brignoni-Ponce, 422 U.S. at 885; United States v. Pulido-Santoyo, 580 F.2d 352, 354 (9th Cir.), cert. denied, 439 U.S. 915 (1978); cf. United States v. Rodriguez-Alvarado, 510 F.2d 1063, 1064 (9th Cir.1975) (flight in vehicle and on foot supports finding of probable cause to search). Moreover, when a suspect does not submit to a law enforcement officer's show of authority, a seizure does not occur until the suspect is physically apprehended. Santamaria-Hernandez, 968 F.2d at 983. Consequently, we "may take into account all of the events that occur up to the time of physical apprehension" in determining whether the agents had founded suspicion to stop the suspect. Id.
 
 
 6
 Angulo-Gutierrez argues the agents did not have reasonable suspicion to activate their overhead lights and sirens, thus his flight alone cannot justify the stop. Angulo-Gutierrez's flight, however, postponed the point of seizure and we may consider the facts that occurred after the agents activated their lights and sirens. See id. (citing California v. Hodari D., 499 U.S. 621 (1991)). Here, the agents did not recognize Angulo-Gutierrez or his vehicle in a sparsely-populated area near the border; Angulo-Gutierrez did not yield to the agents' lights and siren, instead, he made an abrupt U-turn and travelled south (occasionally exceeding the posted speed limit), and in the agent's opinion was making "an obvious run for the border"; and Angulo-Gutierrez fled on foot after his car became disabled. In these circumstances, reasonable suspicion existed to stop Angulo-Gutierrez. See Santamaria-Hernandez, 968 F.2d at 983; Rodriguez-Alvarado, 510 F.2d at 1064.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the evidentiary hearing, the government conceded that this was a different vehicle than the one reported in the anonymous resident's telephone call
 
 
 [2]
 Although the agents' report indicated the lights and siren were not on at this point, for purposes of the motion, the district court assumed that thelights and siren were on