NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-30034 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00474-IM-1 |
| v. | |
| KNEKO TYRAY MOORE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 18, 2025[**]
San Francisco, California

Before: WALLACH,[***] CHRISTEN, and HURWITZ, Circuit Judges.

Kneko Tyray Moore appeals his conviction for being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). Moore was sentenced to 77 months

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the
U.S. Court of Appeals for the Federal Circuit, sitting by designation.

in prison after the district court found his prior Oregon conviction for attempted assault with a firearm a "crime of violence" under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(4)(A). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.　　The district court did not err in denying Moore's motion to dismiss the indictment. Moore argued that, under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because it "does not reflect a robust historical tradition of distinctly similar regulations." Our decision in *United States v. Duarte* forecloses that argument. 137 F.4th 743, 761 (9th Cir. 2025) (en banc) (holding that "§ 922(g)(1)'s permanent and categorical disarmament of felons is consistent with this Nation's historical tradition of firearm regulations").

2.　　The district court did not err in denying Moore's motion to suppress. A 911 caller had reported that a man matching Moore's description had "pulled a shotgun on me" and threatened to shoot. When police officers arrived, they saw Moore walk "quickly" toward a car, drive it away at high speeds without turning on the headlights, fail to yield to oncoming traffic, and almost cause a collision. The officers stopped the car, identified Moore as the driver, "detect[ed] a strong odor of alcohol on his breath," and observed him lean "towards the steering wheel . . . as if to shield the passenger's side of the area," where the gun was ultimately found. The

"automobile exception" permits warrantless searches "if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010). Probable cause exists where, based on "the totality of the circumstances," *Florida v. Harris*, 568 U.S. 237, 244 (2013), "there is a fair probability that contraband or evidence of a crime will be found in a particular place," *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (cleaned up). The facts known to the officers, taken together, provided probable cause to search the car. *See United States v. Spencer*, 1 F.3d 742, 746 (9th Cir. 1992) (finding probable cause to search a car based on "concealing movements in the automobile's front seat" and discovery of a shoulder holster); *United States v. Roberts*, 470 F.2d 858, 859 (9th Cir. 1972) (finding probable cause when the defendant "drove away at high speed" and an officer smelled marijuana).

3. The district court did not err in finding that Moore's prior Oregon conviction for attempted assault in the first degree was a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A). The categorical approach determines whether a prior conviction is a crime of violence. *United States v. Door*, 917 F.3d 1146, 1150 (9th Cir. 2019). It "requires comparing the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime." *Amaya v. Garland*, 15 F.4th 976, 980 (9th Cir. 2021) (cleaned up). "In the crime of violence context, we compare the state statute to 18 U.S.C. § 16(a), rather than a generic

3

assault statute, and we will only find a categorical match if every violation of the statute necessarily involves violent force." *Id.* (cleaned up). Under 18 U.S.C. § 16(a), a crime of violence includes "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Assault in the first degree under Or. Rev. Stat. § 163.185 includes "[i]ntentionally caus[ing] serious physical injury to another by means of a deadly or dangerous weapon," and Or. Rev. Stat. § 161.405 renders a person "guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Thus, an Oregon conviction for attempted assault with a firearm necessarily involves the "attempted use . . . of physical force against the person . . . of another." 18 U.S.C. § 16(a).

**AFFIRMED.**