George E. NIXON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16751.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 20, 1962.

Decided Oct. 18, 1962.

———◆———

Mr. William J. Donnelly, Jr. (appointed by this court), Washington, D. C., for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Joel D. Blackwell, and Nathan J. Paulson, Asst. U. S. Attys., at the time the brief was filed, were on the brief, for appellee.

Messrs. Judah Best and Frank Q. Nebeker, Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

Appellant was found guilty after trial by jury of housebreaking, in violation of 22 D.C.Code § 1801, assault with a dangerous weapon, in violation of 22 D.C. Code § 502, and of assault on a police officer with a dangerous weapon (two counts), in violation of 22 D.C.Code § 505(b), the sentences for the foregoing to run concurrently, the longest being five to fifteen years for housebreaking. At the same trial appellant was found guilty and sentenced to five to fifteen years on each of three counts charging assault with intent to kill, under 22 D.C. Code § 501, these sentences to run concurrently with each other but consecutively with the sentence of five to fifteen years for housebreaking. Thus the total sentences are ten to thirty years.

Counsel we appointed has diligently presented the case in this court. His contentions for reversal center upon errors in the trial judge's instructions to the jury. Errors there are; but trial counsel at the conclusion of the instructions, in response to inquiry from the court, stated that he was satisfied. In view of this, and considering the instructions as a whole, together with the very strong evidence of guilt, we find that the errors do not affect substantial rights or otherwise require reversal.

Affirmed.

BAZELON, Chief Judge (dissenting).

The trial judge failed to give the terms or substance of requested instructions that defendant "is not required to prove himself innocent or to produce evidence at all on that subject" and that "the burden is upon the prosecution to prove beyond all reasonable doubt, every essential element of the crime charged." This

was error. McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21 (1939). And the trial judge seriously compounded the effect of this error by instructing the jury:

> Now, there is no question that what [sic] the restaurant was entered. There is no question that someone entered it. There is no question that the one who entered it ran out. And there is no question in your mind that the proprietor followed him. The testimony of the owner of the restaurant was that he was shot at and he fell down. There is no question but what there was a gun battle between the police and the man. The defense in this case, members of the jury, merely resolves itself to this: Is this the man who did it? Those things happened, but was this the man or was it some other man? Is it a question of mistaken identity or identity [sic] that is before you here.

Thus, the total effect of what the trial judge said and failed to say conveyed the idea that the jury was required to believe uncontradicted Government evidence; or, put another way, that the defendant was under an obligation to produce evidence of innocence.

A silent defendant should be acquitted if the jury is not convinced beyond a reasonable doubt that the Government's uncontradicted evidence is true. And the right of the defendant to have the jury deliberate under such an instruction is indeed a substantial one. The instructions in this case violated that right. This was plain error within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. And that important rule is not made inoperative by inexperienced trial counsel's failure to note an objection to the trial judge's failure to give the correct instruction he earlier requested.

The "very strong evidence of guilt" in this case—candidly characterized by defense counsel as "overwhelming"—

does not lessen the substantiality of the right to have the jury instructed that it may disregard *any quantum* of Government evidence. To hold that it does repeats the trial judge's error, which was, in effect, to direct a verdict of guilty on the ground that no reasonable jury could have disbelieved the Government's evidence. This cannot be done in a criminal case.

I would therefore reverse.