**Jefferson CRAWFORD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19816.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 22, 1966.

Decided Feb. 17, 1967.

Mr. Charles A. Miller, Washington, D. C. (appointed by this court), with whom Mr. Robert N. Sayler, Washington, D. C., was on the brief, for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and John H. Treanor, Jr., Asst. U. S. Attys., were on the brief, for appellee. Miss Carol Garfiel, Asst. U. S. Atty., also entered an appearance for appellee.

Before BURGER, McGOWAN and LEVENTHAL, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a conviction of manslaughter for which Appellant was sentenced to a prison term of fifteen months to seven years. He claims that (a) the trial court erred in submitting the case to the jury because he used the wrong standard to evaluate the evidence and because under the correct standard there was not sufficient evidence for the jury; (b) the government improperly impeded Appellant in the presentation of his defense; and (c) certain statements in the prosecutor's closing argument were prejudicial.

The government's case showed that one Harry Branch and Appellant, who was drunk, were left alone in Appellant's locked and secured apartment for three hours, more or less, and that some time during this period Branch was savagely beaten, suffering wounds from which he later died. When Appellant's woman friend and another woman returned, they found Appellant sitting outside near the entrance. They testified that when asked if he had been locked out he said "no."

Moments later when one of the women screamed at the sight of the battered victim and called Appellant to "come here and look," he responded, "I don't want to see it." He thereupon sat in a chair and never entered the room where Branch lay. In context it is reasonable to assume that the jurors very likely attached significance to Appellant's behavior and responses. There was also testimony that Appellant said he had not let anyone into the apartment. Branch had been hit with an axe which normally was kept behind the bathtub in the apartment, hidden except for part of the handle.

With the testimony in this state at the close of the Government's case Appellant moved for a directed verdict of acquittal, which was denied. In ruling, the District Judge said:

I think there is adequate evidence for it to go to the jury. It is basically, of course, circumstantial evidence but I think the authorities support the position that circumstantial evidence under certain circumstances may be even more important than direct evidence.

I think under the Curly [*sic*] case there is sufficient evidence for the case to go to the jury. * * *

In other words, at this stage the government does not have to prove it beyond a reasonable doubt.

Appellant argues that the last sentence "represents a serious misinterpretation of the applicable standard" because "the trial court clearly erred in ruling that the government's proof did not have to be sufficient to sustain a conviction 'at this stage.' " We note that the term "sustain" is Appellant's, not that of the District Judge. We do not share Appellant's interpretation of the District Court's statement. His explanation that the government did not have "to prove [its case] beyond a reasonable doubt" cannot be read as a statement that the evidence need not be sufficient to sustain the conviction if it went to the jury at that stage.

■■ In the *Curley* opinion we said that in deciding whether to submit a case to the jury the trial judge must consider whether reasonable jurymen must necessarily have a reasonable doubt or whether, on the other hand, the evidence was such that a reasonable mind might fairly have a reasonable doubt *or might not* have such doubt. We further said that *for the jury* to convict, it must be persuaded of the defendant's guilt beyond a reasonable doubt, and our holding emphasized that the standard for the jury is different from what the trial court must consider in deciding whether the case may go to the jury.[1]

■ As we read the record it was this distinction to which the trial judge was referring and over which Appellant glides. Demonstrating, as he did, a clear understanding of *Curley,* the District Judge held that there was sufficient evidence to go to the jury because the government did not have to prove its case beyond a reasonable doubt to him to withstand a motion for acquittal. This is plainly correct. At that point or stage of the case, the government need only introduce enough evidence to "sustain" a conviction, *i. e.,* such evidence that reasonable persons *could* find guilt beyond reasonable doubt. It is not a requirement that the evidence *compel,* but only that it is *capable* of or sufficient to persuade the jury to reach a verdict of guilt by the requisite standard.

■ Stated in another way, the District Judge's reference to reasonable doubt did not mean, as Appellant urges, that he thought the evidence need not be sufficient to sustain a conviction; he was saying simply that the government's evidence in chief need not be such as to convince *him* beyond a reasonable doubt. This was a correct understanding of the difference between functions of judge and jury. The jury question of whether there was proof of guilt beyond a reasonable doubt presents a stricter or higher standard than the trial court's consideration of whether there is sufficient evidence to allow the jury to find guilt beyond a reasonable doubt, and it rests in the unreviewable ratiocinations of twelve reasonable persons whose deliberations are protected by the highest security.

On a motion for acquittal, the District Judge and this court must view the evidence in the light most favorable to the government's position.[2] Even viewing the evidence at the close of the government's case-in-chief and disregarding the testimony after the motion, we hold that reasonable men might or might not have a reasonable doubt as to guilt; hence the issue was properly submitted to them. It is not the function of appellate judges to weigh the evidence and decide that if *they* had doubts other reasonable persons were compelled to have the same doubts. If that were the test the jury of twelve would be relegated to the very low grade function of secondary fact finders.

We have also considered Appellant's contentions that he was impeded in the presentation of his defense and that certain closing arguments of the prosecutor were prejudicial and find in these claims no basis for disturbing the judgment of conviction.

Affirmed.

1. Curley v. United States, 81 U.S.App.D.C. 389, 392, 394–395, 160 F.2d 229, 232, 234–235, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

2. *E. g.,* Thomas v. United States, 93 U.S. App.D.C. 392, 211 F.2d 45, cert. denied, 347 U.S. 969, 74 S.Ct. 780, 98 L.Ed. 1110 (1954); Curley v. United States, *supra,* 160 F.2d at 232.