Gaston NEAL, Appellant,

v.

UNITED STATES, Appellee.

No. 5027.

District of Columbia Court of Appeals.

Submitted Nov. 18, 1969.

Decided Dec. 31, 1969.

Richard J. Hopkins, Washington, D. C., for appellant.

Thomas A. Flannery, U. S. Atty., with whom John A. Terry, Gene S. Anderson and Terry P. Segal, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by a jury of possession of an unlicensed pistol in violation of D.C.Code 1967, § 22–3204. Two police officers testified that while they were in street clothes patrolling in an unmarked car, they observed another car parked in an alley where stolen cars had on prior occasions been abandoned. They drove slowly toward the vehicle and, by the light of their headlights, saw appellant sitting in the front of the car pass what appeared to be a pistol to another person seated in the back of the car. Appellant got out of his car when the officers approached and asked them what they wanted. The officers requested the other man in that car to get out and when he did, they saw a pistol drop from his lap to the floor of the car. Appellant objects to the introduction of the pistol into evidence, as the fruit of an illegal search, and further contends that the verdict of the jury was against the weight of the evidence.

The initial observation of appellant passing the pistol was not a search. *See* Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). It provided the police officers with probable cause to arrest appellant for possession of a pistol, or to search the vehicle.[1] Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 2040 n. 9, 23 L.Ed.2d 685 (1969), citing Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), and Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). It was lawful for them to ask appellant's companion to come out of the vehicle incident to the search and their

1. The arresting officer testified that appellant was arrested after the pistol fell to the floor and was recovered.

seizure of the pistol when it fell to the floor was proper.

After a careful review of the record, we further conclude that the evidence was sufficient to sustain the jury verdict. *See* Crawford v. United States, 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967). The jury chose to resolve certain conflicts in the testimony in a manner favorable to the Government and we have no grounds upon which to reverse their determination.

Affirmed.