Raymond WATSON, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 5048.

District of Columbia Court of Appeals.

Argued Nov. 24, 1969.

Decided Feb. 17, 1970.

---

**122**

Jay S. Weiss, Washington, D. C., appointed by this court, for appellant.

Warren R. King, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Stephen M. Schuster, Asst. U. S. Attys., were on the brief, for appellee. John Ellsworth Stein, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM:

In substance, the Government presented testimony at trial that on August 16, 1968, about 11:05 P. M., two police officers in a scout car on a parking lot in the 1300 block of Savannah Street, S. E. saw an automobile start to enter the lot, back out at a high rate of speed and pull to the curb in front of 1357 Savannah Street. Because of prior information received, the officers immediately pulled out of the lot and parked behind the car. Both officers testified that they saw appellant, the operator of the car and the only occupant of the front seat, slide across the seat, pull a dark object from either his trousers or his coat, open the door on the passenger side and drop the object to the ground. Upon investigation, by shining a flashlight on the ground, they saw a .22 caliber sawed-off rifle lying in the street slightly under the edge of the car. Defense testimony tended to contradict this evidence, particularly with respect to the number of persons and the seating arrangement in the car.

Appellant was arrested for and subsequently convicted of carrying a dangerous weapon in violation of D.C.Code 1967, § 22–3204. On appeal he contends there was insufficient evidence to establish guilt and that the court erroneously ruled that the Government could impeach him by use of his prior record.

As to appellant's first contention on appeal, we think it clear that the evidence posed a question of guilt or innocence for determination by a jury.[1] And inasmuch as the verdict has substantial support in the evidence, it will be sustained.[2]

As to the *Luck*[3] issue, it is doubtful that the court ever ruled that the Government could use a 1967 petit larceny conviction to impeach appellant if he took the witness stand. It appears that a ruling might have been reserved when the question was broached at a bench conference early in the trial, yet the matter was not mentioned again. In any event, while appellant did not take the stand, he presented six witnesses in defense whose version of the events could not have materially differed from any evidence he would have given had he chosen to testify. No special need was shown for appellant's testimony,[4] which would have been cumulative to that of the witnesses who claimed to have been with him in the car or in the immediate vicinity of the car, nor did appellant demonstrate that he was in any way prejudiced in his defense. Accordingly, the conviction is

Affirmed.

1. Curley v. United States, 81 U.S.App. D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

2. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967).

3. Luck v. United States, 121 U.S.App. D.C. 151, 348 F.2d 763 (1965).

4. Evans v. United States, 130 U.S.App. D.C. 114, 397 F.2d 675 (1968), cert. denied, 394 U.S. 907, 89 S.Ct. 1016, 22 L.Ed.2d 218 (1969).