**UNITED STATES of America**
v.
**Willie BRIDGES, Appellant.**
No. 23036.

United States Court of Appeals, District of Columbia Circuit.

Sept. 25, 1970.

---

Mr. Francis J. Ortman, Washington, D. C. (appointed by this court), was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, William H. Collins, Jr. and John O'B. Clarke, Jr., Asst. U. S. Attys., were on the brief for appellee. Mr. Terry P. Segal, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT and TAMM, Circuit Judges, and CHRISTENSEN,* United States District Judge, District of Utah, in Chambers.

PER CURIAM:

After trial by jury, appellant was convicted and sentenced to concurrent terms of three to nine years' imprisonment on all three counts of an indictment charging him with assault with intent to kill, assault with a dangerous weapon, and carrying a pistol without a license, in violation of 22 D.C.Code §§ 501, 502 and 3204 (1967) respectively. On appeal he urges four separate grounds for reversal or remand. We affirm.

Appellant's first contention is that he was deprived of his constitutional rights through failure of the trial court to hear the testimony of William Thomas, an alibi witness. According to appellant, Mr. Thomas had been served with a forthwith subpoena but arrived in court too late to testify on the day appellant's case was tried. Were this account complete, appellant might well have been found to deserve a new trial had he made a timely motion for one in the District Court under Rule 33, Fed.R.Crim.P. *See also* Rule 52(b), Fed.R.Crim.P.

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

■ The record, however, reveals that trial counsel for appellant, after consultation with his client, made the strategic decision not to call Mr. Thomas to the witness stand. Appellant testified out of the presence of the jury that he asked Mr. Thomas on the day before trial whether Mr. Thomas could testify on appellant's behalf, and that Mr. Thomas had indicated he would be unable to produce favorable testimony because he could not remember what had happened on the day of the alleged assault. Under these circumstances, appellant's claim to a new trial, based on either new evidence or ineffective assistance of counsel, must fail.

■ Appellant's second ground for remand or reversal is that the record in this case does not contain sufficient evidence of intent to commit a felony to warrant a conviction under Count 1 of the indictment, namely, assault with intent to kill. On appellate review of a criminal conviction, the "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). In this case, witnesses testified that appellant carried a gun while walking over to the victim, that he fired at the victim and hit her, that the shooting was far from appellant's address and in front of the victim's residence, and that appellant left without rendering any aid. This testimony justified the judge in denying appellant's motions for acquittal made at the close of the Government's case-in-chief and after all of the evidence, and provided the jury with an adequate basis for finding that appellant did assault his victim.[1] Although this testimony would also be sufficient basis for a reasonable inference by the jury that appellant had the specific intent required under Count 1, there is further evidence that appellant indicated his intent by

saying, "I will kill you," almost simultaneously with firing the gun. Reviewing the record, we find that the totality of evidence was sufficient for the jury to find beyond a reasonable doubt that appellant was guilty of assault with intent to kill.

■ Appellant further asserts that the instructions on the issues of assault with intent to kill and assault with a dangerous weapon were so interrelated and misleading that the jury became confused. But counsel for appellant failed to object to these instructions at trial. In fact, he indicated his satisfaction with them. Although the instructions on intent could have been more clear, they were not, in our judgment, so misleading as to have caused reversible error. Under these circumstances, appellant has failed to meet the burden of persuasion imposed on him by Rules 30 and 52(b), Fed.R.Crim.P. Nixon v. United States, 114 U.S.App.D.C. 21, 309 F.2d 316 (1962), cert. denied, 385 U.S. 963, 87 S.Ct. 405, 17 L.Ed.2d 307 (1966).

■ Appellant's final ground for reversal is that the third count of the indictment is defective. It is true that the presentment here merely states that Willie Bridges was carrying a dangerous weapon, which action is not an offense in this jurisdiction. But the presentment is not the relevant document. The presentment is a useless common law anachronism which is nowhere provided for in the Federal Rules of Criminal Procedure. The relevant grand jury document is the indictment, which in this case carefully traces the language of 22 D.C.Code § 3204 in indicting appellant under Count 3 with "carry[ing] * * * a dangerous weapon, * * * that is, a pistol, without a license therefor issued as provided by law." The indictment being valid, it is of no legal significance that the presentment was returned at all.

Affirmed.

1. Crawford v. United States, 126 U.S.App. D.C. 156, 157–158, 375 F.2d 332, 333–334 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 392, 394–395, 160 F.2d 229, 232, 234–235, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).