### UNITED STATES of America
### v.
### Jerry L. CUNNINGHAM, Appellant.
### Nos. 23176, 23615.

United States Court of Appeals, District of Columbia Circuit.

Nov. 23, 1970.

Mr. Wilmer Mechlin, Washington, D. C. (appointed by this Court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Charles R. Work and John R. Dugan, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, TAMM, Circuit Judge, and CHRISTENSEN,* U. S. District Judge, District of Utah, in Chambers.

PER CURIAM:

Appellant, together with two other defendants, was charged with robbery in violation of D.C.Code § 22–2901. His co-defendants pleaded guilty. The appellant was found guilty by jury verdict. Having been sentenced to a term of imprisonment, he presents on this appeal contentions that the evidence against him was insufficient to establish guilt beyond

* Sitting by designation pursuant to Title 28, U.S.Code, Section 292(c).

a reasonable doubt and that he was denied rights of counsel and due process by an on-the-scene identification.

The issues presented have been accorded full consideration by this Court but are deemed not to require a detailed opinion in view of the record.

█ The claim of insufficient evidence is without merit. Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). Aside from the question raised concerning identification, there was convincing evidence of circumstances of participation culminating in physical possession by the defendant of a portion of the money which fully warranted the verdict.

█ If there is any *Wade-Stovall* problem presented, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), it is not in a lineup-right-to-counsel context, and the result is controlled by Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969).

The effect of the on-the-scene "identification" within an hour of the robbery primarily was to establish similarity of clothing and general appearance as an additional circumstance in the chain leading to appellant's apprehension with a portion of the stolen money in his possession. The in-court identification was of similar nature. Appellant is hard put here, and did not even attempt at the trial through objection or otherwise, to indicate any prejudice or inadmissibility of the evidence in question. We find no error.

Accordingly, the judgments of the District Court are

Affirmed.