**UNITED STATES of America**

v.

**Norman R. MIZZELL, Appellant.**

**No. 24401.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 15, 1971.

Decided Nov. 18, 1971.

Miss Elizabeth R. Young, Washington, D. C. (appointed by this court) for appellant.

Mr. Kenneth Michael Robinson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Donald T. Bucklin, Asst. U. S. Attys., were on the brief, for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and GOURLEY,* Senior District Judge for the Western District of Pennsylvania.

MacKINNON, Circuit Judge:

■■ Appellant Mizzell was convicted of assault with a dangerous weapon (D.C.Code § 22–502) and carrying a pistol without a license (D.C.Code § 22–3204). His appeal contends that evidence of another crime was improperly admitted at the trial. Such evidence was to the effect that appellant, at the time he allegedly assaulted the complaining witness (a woman), knew she had previously told the police that she believed appellant had been involved in a prior robbery. Further prosecution evidence indicated that appellant subsequently shot complainant in retaliation for her reporting him to the police, giving rise to the assault and illegal possession charges. Appellant challenges his convictions on the ground that the trial judge failed *sua sponte* to give a limiting instruction concerning the evidence connecting him with the earlier robbery.[1]

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1964).

1. We find no merit in appellant's contention that the evidence of the circumstances surrounding the robbery investigation, involving appellant and the complainant in the present case, was improperly admitted by the trial judge. Such evidence was clearly relevant to the iden-

tification question which appellant had raised by his defense of mistaken identity, and, since no evidence was introduced that he was in any way connected with the earlier crime, the possibility of any prejudice to appellant was remote. Drew v. United States, 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964). *See* United States v. Marcey, 142 U.S.App.D.C. 253, 440 F.2d 281 (1971); United States v.

In United States v. McClain, 142 U.S. App.D.C. 213, 218, 440 F.2d 241, 246 (1971), we stated "that whenever evidence is admitted *only for a limited purpose*, it is plain error, in the absence of a manifest waiver, to omit an immediate cautioning instruction." (Emphasis supplied). Although this broad language might, at first blush, appear to apply to the present situation,[2] we believe that *McClain* is distinguishable on the facts.[3]

In *McClain*, highly prejudicial evidence of prior acts of violence allegedly committed by the defendant against his wife was admitted to demonstrate malice, in support of the prosecution's contention that he had murdered her. Under such circumstances, the need for a limiting instruction by the trial judge is readily apparent. Here, however, the evidence in question concerned not so much acts which had been engaged in by appellant, but rather the *activities of the complainant*. It did not concern prior illegal acts which were being utilized in a limited way, to demonstrate a particular facet of a different crime. Instead, it involved circumstantial evidence consisting of complainant's previous legal activities, which was relevant on the issue of identity and motive. The possibility of improper prejudice to appellant by the admission of such highly relevant evidence also was greatly minimized by the express refusal of the trial judge to permit mention of the nature of the ear-

lier crime reported by complainant. In addition, no evidence was admitted which actually connected appellant with that offense. Under these circumstances, we conclude that the basic rationale of *McClain* is inapplicable, and we therefore affirm.

Affirmed.

Gay, 133 U.S.App.D.C. 337, 410 F.2d 1036 (1969). We similarly must reject appellant's claim that there was insufficient evidence of the assault charge to justify submission of the case to the jury. Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 91 L.Ed. 1850, 67 S.Ct. 1511 (1947).

2. *See* United States v. Bobbitt, 146 U.S. App.D.C. ——, 450 F.2d 685 (1971), wherein this court affirmed the admission of evidence, unaccompanied by any limiting instruction, of prior criminal activity involving the defendant and the person he allegedly killed, since "[t]he prior re-

lationship between the parties [was] obviously material in determining what motive the defendant might have had to shoot decedent," and we did not believe the circumstances necessitated the use of a *sua sponte* court instruction. Slip op. at ——, 450 F.2d at 689. We clearly limited the expansive language of *McClain* to similarly prejudicial fact situations. For the reasons set out below, we see no reason to apply the *McClain* rule to the instant case.

3. Because of our disposition of the present case, we need not indicate any view concerning the retroactive applicability of the *McClain* reasoning.