Joseph D. BOWLER, Appellant,

v.

UNITED STATES, Appellee.

No. 6939.

District of Columbia Court of Appeals.

Argued Jan. 15, 1974.

Decided July 10, 1974.

Joseph W. O'Malley, III, Washington, D. C., appointed by the court, with whom John H. Frohlicher, Washington, D. C., also appointed by the court, was on the brief, for appellant.

Charles E. Wagner, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry and Daniel J. Bernstein, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KELLY, Associate Judge:

In this appeal from a conviction by the court of an attempt to commit robbery while armed[1] we are again confronted with a claim of error not raised in the trial court; namely, that an on-the-scene confrontation between appellant and the complaining witness was so unduly suggestive as to create a substantial likelihood of misidentification.

■ Daryoosh Barimani, the complainant, was attacked from behind by three men one morning about 4:15 a. m. as he attempted to unlock the front door of his apartment building. One man, who was holding a gun, demanded that Barimani give him his money and wallet; instead, Barimani ran across the street to a group of people to seek help. The three men walked away down the street. At that moment a police cruiser happened by and Barimani reported the incident to the police officers, giving them a description of the men who had accosted him. After proceeding to the corner where before meeting Barimani they had seen three men who fit the descriptions given and finding them gone, the officers returned to pick up Barimani and make a search of the area. They decided to search a nearby apartment building, but told Barimani to remain in the cruiser. Once inside, the officers heard voices and the sound of persons running up the steps. One of the officers saw appellant lean over the banister and look down the stairwell. The officers ran up the stairs and apprehended two men whom they proceeded to question, telling them they matched the description of persons who had minutes before engaged in an attempted robbery. Meanwhile, because he was afraid to stay in the cruiser alone, Barimani had come into the building and up the stairway. Upon seeing the two men with the police officers he immediately identified them as participants in the attempted robbery.

In our judgment the circumstances of the prompt confrontation between Barimani and appellant were not so suggestive as to create a substantial likelihood of misidentification. Indeed, rather than being prejudicial, "it appears that prompt confrontations in circumstances like those of this case will 'if anything promote fairness, by assuring reliability * *.'" Russell v. United States, 133 U.S.App.D.C. 77, 81, 408 F.2d 1280, 1284, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969). See also Hill v. United States, D. C.App., 280 A.2d 925 (1971); Jones v. United States, D.C.App., 277 A.2d 95 (1971).

■ In assessing the validity of a claim of possible misidentification a court considers such factors as (1) opportunity of the witness to view the criminal at the time of the offense; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty exhibited by the witness at the confrontation and (5) the length of time between the criminal act and the confrontation. Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In our case Mr. Barimani testified that the person carrying the gun was wearing a light trench coat and a sailor-type hat. Another man was wearing a red T-shirt, light jacket and dark pants. All three persons were described as being Negro males about 5'8" tall. When apprehended, appellant was wearing a red T-shirt, dark trousers and was carrying a light tan trench coat over his arm. Barimani recognized appellant and his companion as soon as he saw them, identifying appellant by his face as well as his clothing. Moreover, the confrontation was accidental, not purposeful, for it was Barimani's testimony that he only entered the building because he was afraid to stay alone in the police cruiser and followed the police up the stairs because he was likewise afraid to be left alone in the lobby.

1. D.C.Code 1973, §§ 22–2902, 22–3202.

Were we to recognize an alleged error not properly preserved for appeal, therefore, we would have to conclude that the circumstances of the confrontation were not so suggestive as to raise a substantial likelihood of misidentification and in no way tainted appellant's subsequent in-court identification.

Affirmed.

NEBEKER, Associate Judge (concurring in the result):

Because I do not view this case as presenting any constitutional issue respecting the confrontation in the apartment house, I express this special concurrence. Constitutional restrictions such as unlawful confrontations between victims of crime and suspects operate against officers of the state and not private citizens acting independently of the state. *Cf.* Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Public Utilities Commission v. Pollak, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1876); Drew v. United States, D.C. App., 292 A.2d 164 (1972); Lucom v. Atlantic National Bank of West Palm Beach, Fla., 354 F.2d 51 (5th Cir. 1965). Since the victim had been told to remain in the cruiser, but had on his own decided to seek the safety of the presence of the officers and thereby fortuitously observed the appellant, it cannot be said that a due-process issue is even presented on this record. Accordingly, it should be understandable that appellant did not raise the confrontation issue.

I do not view as make-weight the observation of my colleagues that "the confrontation was accidental, not purposeful". That is the key to this case. It makes the factors expressed in Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), inapplicable.