**William B. CRAWLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 7512.

District of Columbia Court of Appeals.

Argued July 26, 1974.

Decided Oct. 1, 1974.

Charles S. Rhyne, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., with whom John A. Terry and E. Lawrence Barcella, Jr., Asst. U. S. Attys., were on the petition, for appellee.

Before REILLY, Chief Judge, and KELLY, FICKLING, KERN, GALLAGHER, NEBEKER, YEAGLEY and HARRIS, Associate Judges.

ORDER

PER CURIAM.

On consideration of appellee's supplemented petition for rehearing *en banc,* and it appearing that a majority of the active judges of this court is not in favor of granting said petition, it is

Ordered that appellee's aforesaid petition is denied.

Separate Statement by NEBEKER, Associate Judge, as to why he voted against rehearing en banc.

I would have voted for rehearing en banc had it appeared that the government was correct in stating in its petition that the panel opinion applied as a new legal test an admissibility standard for the estab-

lished test for directing a judgment of acquittal. I called for a vote on the petition in the belief that the panel, without expressly stating so, might have intended to adopt a new test in this and future cases of questionable identification. No member of the panel voted for rehearing en banc. *See* D.C.App.R. 40. In light of M.A.P. v. Ryan, D.C.App., 285 A.2d 310 (1971), and D.C.App.R. 40(c), both requiring uniformity of decisions among panels of the court, and the fact that the panel does not view its opinion as departing from the well-established *Crawford* [1] and *Curley* [2] standard, the opinion must be read as not creating a new and inconsistent or different rule of appellate review. Indeed, the panel opinion cannot be read to change so well-established a rule since only the court en banc can do so. M.A.P. v. Ryan, *supra.*

Neither the trial court nor the bar should be confused by the panel's "approach" to the facts. It is important to note that the panel opinion acknowledges that it applies the *Crawford* and *Curley* standard. *See* D.C.App., 320 A.2d 309 at 310 n.5, and accompanying text. It is also quite significant that the opinion expresses "the sole issue" in the case to be "whether the circumstances surrounding the identification could be found convincing beyond a reasonable doubt." (320 A.2d at 311.) This is consistent with the established rule that if reasonable people could find from the evidence guilt beyond a reasonable doubt, the conviction must be affirmed. Thus, the opinion, as a matter of law, and notwithstanding its agreement with the "approach" taken in United States v. Levi, 405 F.2d 380, 383 (4th Cir. 1968), must be viewed as a holding that on all the case facts the evidence was insufficient under the "general test for directing a judgment of acquittal". (320 A.2d at 311.) Further proof that no new and different standard was adopted appears from a decision of another panel subsequent to the date of the *Crawley*

1. Crawford v. United States, 126 U.S.App. D.C. 156, 375 F.2d 332 (1967).

2. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

opinion, and without reference to it, in which the accepted standard of review was followed in testing sufficiency of identification testimony. *See* In re W. K., D.C. App., 323 A.2d 442 (1974).

As is most often the case, a question of sufficiency of evidence depends on a reading of the record. Seldom does such an issue rise to en banc importance. The fact that a division sees inconsistency and weakness in certain proof and, for purposes of expressing its evaluation of that proof, chooses words fit for application of an exclusionary rule does not mean it has wrought a new sufficiency test.

A "substantial likelihood of irreparable misidentification" is impossible of application as a rule for testing sufficiency of evidence in a criminal case. It likewise has no place in jury instructions for it would be grossly confusing and illogical. Use of that phrase can only mean that the panel reviewed the evidence under the proper standard and concluded as a matter of law that a reasonable doubt existed. "Irreparability" can have nothing to do with sufficiency. The court through its ruling "repairs" the misidentification by application of the established standard. Irreparability, however, does have meaning when applied as a legal test or standard on admissibility of identification testimony. When, by reason of state action, a person is identified as an offender in an overly suggestive way, and the ability independently to identify is thus distorted, there is a substantial likelihood of irreparable misidentification. Independent source or ability to identify "repairs" a substantial likelihood of misidentification and the testimony is admissible. Its sufficiency remains to be tested by the established and meaningful standard.

Separate Statement by YEAGLEY, Associate Judge, on petition for rehearing en banc.

It is unfortunate that the government in its petition misstated the fact as to whether or not appellant had made a motion for judgment of acquittal at the conclusion of all of the evidence and to argue that the issue of sufficiency of the evidence had not been preserved. He clearly had so moved at that point (Tr. at 176) and again in his motion for a new trial.

Although I disagree with the result in this case and the reliance on the quotation from United States v. Levi, 405 F.2d 380, 383 (4th Cir. 1968), I vote to deny the petition being of the view that the scope of the decision is clearly limited by the following language appearing on page 311 of 320 P.2d: "Necessarily, the sole issue in this special context is whether the circumstances surrounding the identification could be found convincing beyond a reasonable doubt."