**Wilbert DOWTIN, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8505.**

District of Columbia Court of Appeals.

Argued Nov. 14, 1974.

Decided Jan. 16, 1975.

Marsha E. Swiss, Washington, D. C., appointed by the court, for appellant.

Edward C. McGuire, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin, and Daniel J. Bernstein, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

REILLY, Chief Judge:

Appellant was tried before a jury on a ten-count indictment charging him with armed robbery (D.C.Code 1973, §§ 22–2901, 22–3202), robbery (D.C.Code 1973, §§ 22–2901), assault with intent to commit robbery while armed (D.C.Code 1973, §§ 22–501, 22–3202), and six counts of assault with a dangerous weapon (D.C.Code 1973, § 22–502). He was found guilty of the armed robbery, assault with intent to commit robbery while armed, and four counts of assault with a dangerous weapon, the jury not returning verdicts as to several of

the lesser included offenses pursuant to the court's instructions. The court sentenced him to confinement for six to eighteen years for the armed robbery offense, two to six years for the assault with intent to commit robbery while armed offense, and one to five years for each assault offense, the sentences to run concurrently. On this appeal, appellant attacks only his conviction on the count of assault with intent to commit robbery while armed, contending that the government failed to produce evidence sufficient to support this charge insofar as it relates to the commission of such offense against one George F. Frye.

The evidence establishes that appellant and accomplice entered the rental office of the McLean Gardens apartment complex one summer afternoon, brandishing a revolver at the four employees there, and announcing: "This is it, a stick-up. Everybody lie down on the floor." Among these employees was Frye, a security officer for McLean Gardens, who had dropped into the office on his day off, dressed casually in slacks and a T-shirt.

Appellant directed his accomplice to search Frye, who had only a wristwatch and an empty wallet on his person. The wallet was not opened and nothing was taken from him. This victim then lay down on the floor and was again searched by appellant's cohort.

Shortly thereafter, the intruders left the premises, taking with them a considerable sum of money which they had obtained at gunpoint from two clerks in the cashier's inner office, adjacent to the rental office. Appellant was subsequently identified as a former employee at McLean Gardens and several of the victims made photographic and lineup identifications of appellant as one of the holdup men.

At the conclusion of the government's case, appellant's counsel moved for a judgment of acquittal in respect of the count alleging assault with intent to rob Frye, pointing out that nothing was taken from the victim, the robbers apparently only intending to assure themselves that he was not armed[1] while they were engaged in stealing the money of the rental company in contradistinction to the money or valuables of the individual employees.

This court is not persuaded that the trial court erred in denying this motion, thus permitting this issue to go to the jury. Frye was one of the persons at whom the gun was pointed when appellant told the group, "This is . . . a stick-up." From these circumstances and the two searches of his person, a jury could reasonably infer that if the holdup men found what they were looking for, they would have appropriated it. Whether it was a weapon or money is immaterial. The totality of the evidence indicates an intent at the time of the assault "to steal and take valuable goods and property from the person and from the immediate actual possession" of the victim. Thus, pursuant to appropriate instructions, it was within the province of the jury to find from the evidence that appellant and his accomplice intended to deprive Frye of some property at the time the latter was forced at gunpoint to submit to successive searches. Accordingly the denial of appellant's motion for judgment of acquittal was proper. Crawford v. United States, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

Affirmed.

---

1. At the time of the holdup, Frye was not armed. He testified that even while on duty, he usually carried no weapon.