**James R. BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8770.**

District of Columbia Court of Appeals.

Argued Oct. 8, 1975.

Decided Dec. 29, 1975.

Wallace E. Shipp, Jr., Hyattsville, Md., appointed by this court, for appellant.

David R. Addis, Asst. U. S. Atty., for appellee. Earl J. Silbert, U. S. Atty., and John A. Terry, James F. McMullin, Charles F. Flynn, and William I. Martin, Asst. U. S. Attys., were on the brief for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

On May 24, 1974, after a jury trial, appellant James R. Brown and a codefendant were found guilty of assault with intent to commit robbery.[1] James Brown received a sentence of 5 to 15 years, execution of which was suspended, and 5 years' probation.

He appeals on the grounds that the trial court erred (1) in not granting a mistrial when the victim of the offense unexpectedly identified the two defendants[2] in court after the judge had ruled at a suppression hearing that the victim could not make an in-court identification, and (2) in denying appellant's request for a jury instruction on the lesser included offense of simple assault. We affirm.

■ Since a mistrial is an action to ensure a fair trial, we must first decide whether the in-court identification by the victim was error. That such testimony violated the pretrial suppression order is obvious. The question is whether that order was a proper one. We hold that the trial judge erred in suppressing the in-court identification by the victim.

■ The trial judge suppressed identification testimony by the victim because he viewed it as too weak due to the victim's lack of adequate opportunity to observe his assailants. Suppression of identification testimony because it is deemed too weak is not proper. That is the function of a timely judgment of acquittal. *Crawford v. United States,* 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); *Curley v. United States,* 81 U.S.App.D.C. 389, 160 F.2d 229 (1947). Suppression of identification testimony is a sanction against officers of the state to discipline police misconduct in violation of rights to due process and right to counsel. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *See also Bowler v. United States,* D.C.App., 322 A.2d 281 (1974) (Nebeker, J., concurring). Although Mr. Harrell, the victim of this crime, was not able to observe his assailants for an appreciable length of time or to recall the features of their faces, he was able to observe his assailants during the commission of the crime to a degree that such testimony was probative of guilt. The extent of Mr. Harrell's opportunity to observe, and the fact that his assailants approached him from the rear go to the weight of the evidence and may be explored on cross-examination, which was done here.[3] Thus, with the underlying pretrial ruling being in error, there was no prejudicial error in the victim's presenting his testimony as to identification for whatever weight the jury might see fit to give it.[4]

1. D.C.Code 1973, § 22–501.

2. Appellant's codefendant has not appealed his conviction.

3. Even if the trial court's suppression of an in-court identification by Mr. Harrell had been proper, there would be no reversible error in this case. The overwhelming evidence from two eyewitnesses to the crime along with the cross-examination of Mr. Harrell and instructions to the jury to disregard Mr. Harrell's in-court identification would have made any error harmless.

4. We put aside the question of law of the case (*cf. Jenkins v. United States,* D.C.App., 284 A.2d 460 (1971)), since even under that approach the unexpected statement of the witness would be harmless "error".

The trial judge was correct in denying appellant's request for instructions to the jury on the lesser included offense of simple assault. There was no showing that the evidence was such that the jury might rationally acquit appellant of the greater charge (assault with intent to commit robbery) and convict him of the lesser charge (assault). *United States v. Lumpkins,* 141 U.S.App.D.C. 387, 439 F.2d 494 (1970). In addition, the element differentiating the two crimes (intent to commit robbery) was not sufficiently in dispute. *United States v. Whitaker,* 144 U.S.App.D.C. 344, 447 F. 2d 314 (1971). There was no conflicting evidence regarding the attempted robbery itself, and no issue was made at trial that the assault was not an assault with intent to rob.

The judgment of conviction is

*Affirmed.*

GALLAGHER, Associate Judge (concurring):

I concur. There is not here the unusual situation presented in *Crawley v. United States,* D.C.App., 320 A.2d 309, *petition for rehearing en banc denied,* D.C.App., 325 A.2d 608 (1974).