**UNITED STATES of America**
v.
**James A. CONLON, Appellant.**

No. 80–2230.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 19, 1981.

Decided Aug. 13, 1981.

Certiorari Denied Jan. 11, 1982.
See 102 S.Ct. 1015.

James R. Stoner, Washington, D. C., with whom William M. Hoiles, Washington, D. C., was on the brief, for appellant.

G. Allen Carver, Jr., Washington, D. C., with whom Robert J. Erickson, Washington, D. C., was on the brief, Attys., Dept. of Justice, for appellee.

Before WILKEY and MIKVA, Circuit Judges and GORDON,* Senior District Judge for the Western District of Kentucky.

Opinion for the Court filed by Senior District Judge JAMES F. GORDON.

JAMES F. GORDON, Senior District Judge:

This appeal follows appellant-defendant's trial and conviction of a violation of Title 18 U.S.C. § 208(a).[1]

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Such statute reads in relevant part as follows:

A civil servant of long tenure, appellant was at the time in focus Director of the Bureau of Engraving and Printing. Among his official duties was concern for the security of our national paper currency against counterfeiting coupled with the obtaining of funding necessary for the acquisition of modern equipment to achieve such security. In December, 1976, the Chairman of the private concern, American Bank Note Company (ABN), invited appellant to inspect an ABN currency security system (SSS). Being impressed with SSS, appellant subsequently officially participated in a substantial manner in the decision-making process concerning the procurement from ABN of the SSS for our currency. It was during that same period that appellant ran afoul of the statute under which he is charged, for the jury found to its satisfaction that appellant negotiated for and consummated an agreement of employment with ABN, to become effective upon his government retirement. Such is a conflict of interest in violation of 18 U.S.C. § 208(a).

Appellant grounds his appeal upon assertions of insufficient evidence to support the verdict, erroneous trial court jury instruction rulings resulting in impermissible amendment of the indictment rendering the same duplicitous, and prosecutorial misconduct. As we are wholly unpersuaded by appellant's contentions, his conviction is affirmed.

■ As to sufficiency of the evidence. Without a detailed dissection by us of each of the instances specifically shown by the government's proof, a fair review of the transcript establishes adequately that from December, 1976, through June, 1977, there was ample occasion when appellant, acting officially, could have reasonably been believed by the jury to have been participating personally and substantially with regard to the SSS as charged, while at the same time having an arrangement for prospective employment with ABN Company. This is true even if it now be conceded, for purposes of that examination, as appellant would claim, that employment negotiations had not occurred until on or after June 10, 1977, inasmuch as on three dates thereafter[2] it was shown that he exercised conduct susceptible of belief as being "substantial participation" as to the SSS adoption. Only *one such* believable occurrence is all that is necessary for the jury to convict. It must be remembered that at this juncture the evidence is viewed most favorably to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Harris*, 140 U.S. App.D.C. 270, 284, 435 F.2d 74, 88 (1970), cert. *denied*, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152 (1971). We are obliged to reach the conclusion that the evidence was " 'capable of or sufficient to persuade the jury to reach a verdict of guilt by the requisite standard.' " *United States v. Harris, supra*, at n. 41, quoting from *Crawford v. United States*, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967). So much as to sufficiency of the evidence.

■ As to the instructions. Relying upon this court's pronouncement in *Levine v. United States*, 104 U.S.App.D.C. 281, 261 F.2d 747 (1958), appellant offered and was denied by the Trial Court a theory of defense instruction. This refusal, it is claimed, constitutes reversible error. We disagree, for an examination of the instructions given reflects no review by the Trial Court of the facts relied upon by the government nor did they lend undue weight to the government's theory. Thus, no narrative of defendant's claimed facts was required to even any imbalance. *United*

[W]hoever, being an officer or employee of the executive branch of the United States Government ... participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a ... determination, contract ..., controversy, or other particular matter in which, to his knowledge ..., any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest—

Shall be fined not more than $10,000 or imprisoned not more than two years, or both.

2. June 15, 21 and 24, 1977.

*States v. Mathis*, 175 U.S.App.D.C. 341, 343, 535 F.2d 1303, 1305 (1976) (*per curiam*). Nor did there exist the required "involved theory involving 'law' or fact, or both," which would have mandated the case rule instruction. *Laughlin v. United States*, 154 U.S.App.D.C. 196, 207, 474 F.2d 444, 455 (1972), *cert. denied*, 412 U.S. 941, 93 S.Ct. 2784, 37 L.Ed.2d 402 (1973). This is not a case, as the Trial Judge stated, where there was a risk that the jury might convict although believing appellant's testimony.

Turning our attention further to the instructions given we find, by way of background, the indictment charged that during the period from December, 1976, through June, 1977, the appellant violated the statute in question. Subsequently, in an amended Bill of Particulars the government specified eight dates within the time frame charged as the dates on which appellant "substantially participated" as to the SSS and described those acts. Thus, when the Trial Judge gave his charge he stated the following:

> In order to find the defendant guilty of that charge under that statute, you must find that the government has proven beyond a reasonable doubt that on one or more of the following dates the defendant was, simultaneously, three things: (a) an officer or employee of the Executive Branch of the United States; (b) knowingly participated personally and substantially, in a proposal of the American Bank Note Company for a system to protect U.S. currency, knowing that American Bank Note Company had a financial interest in that proposal; and (c) was, on any one of those dates, negotiating for employment with ABN, or had an arrangement for prospective employment with the company: December 7, 1976; December 22, 1976; April 21, 1977; May 10, 1977; May 17, 1977; June 15, 1977; June 21, 1977; or June 24, 1977.

Counsel for appellant argues that such instruction amended the indictment. The gravamen of such argument is predicated upon the contention that the grand jury could not have, in the course of its deliberations, considered an isolated act as constituting an act of substantial participation. Instead, they submit that the challenged instruction broadened and altered the nature of the offense charged in the indictment. Thus, it is claimed that the instruction effectively allowed the jury to convict appellant on a single act of substantial participation, as opposed to requiring that the jury find that his conduct over the entire period amounted to substantial participation.

█ It is well established that a criminal defendant "can only be tried upon an indictment as found by . . . [a] grand jury, and especially upon all its language found in the charging part of that instrument." *Ex Parte Bain*, 121 U.S. 1, 9–10, 7 S.Ct. 781, 785–786, 30 L.Ed. 849 (1887). Further, the prohibition against the amendment of an indictment after it has been handed down by the grand jury extends to literal (see, *Ex Parte Bain, supra*), as well as effectual (see, *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)) alterations. However, as stated by this court in *Jackson v. United States*, 123 U.S.App.D.C. 276, 280, 359 F.2d 260, 264 (1966), *cert. denied*, 385 U.S. 877, 87 S.Ct. 157, 17 L.Ed.2d 104 (1966), it is always critical to consider that:

> In every case of variance it can be argued that the grand jury that returned the indictment as is might not have been willing to return the indictment with the variance. This possibility can never be conclusively eliminated as a matter of abstract logic. Whether there is a reasonable possibility of prejudice, however, should be determined with some reference to the real world of juries and grand juries, and the realm of common sense which must guide the administration of the criminal law and rules of criminal procedure.

█ The indictment here in question alleged appellant's "substantial participation" over a period of time, and the instructions merely narrowed the number of dates on which the jury could even consider appellant's conduct as constituting "substantial participation." *The dates enumerated in the jury charge all fell within the seven-month period alleged in the indictment.*

Notwithstanding defendant's bald assertions that the indictment was illegally amended, this panel is summarily persuaded that "reference to the real world of juries and grand juries" compels a conclusion to the opposite effect.

Appellant's claim that the Trial Court's instructions rendered duplicitous the indictment similarly is meritless. In essence, appellant contends that the judge's enumeration of eight dates, within the time charged, on which he could be found to have "participated substantially" altered the indictment to allege eight separate offenses in violation of Rule 8(a) of the Federal Rules of Criminal Procedure. The Trial Court's instructions did not, in our judgment, contravene such rule. Perusal of many cases in which error was predicated on the duplicity of an indictment reveals that an exception exists for a continuing scheme or a course of conduct which violates but one criminal statutory provision. See, e. g., *United States v. Girard*, 601 F.2d 69, 72 (2d Cir. 1979); *United States v. Browning, Inc.*, 572 F.2d 720, 725 (10th Cir. 1978). The challenged instructions issued by the Trial Court merely, in an apparent effort to clarify and narrow the case for the jury, set forth eight separate dates (all of which dates fell within the period alleged in the indictment) on each of which the evidence pointed to substantial participation, in a *legal sense*, by appellant in the contractual decision-making process. This "narrowing" seems to us to have been beneficial to the appellant. *Cohen v. United States*, 378 F.2d 751, 754 (9th Cir. 1967), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). We find no error in such instructions.

Appellant's final assertion of reversible error is the prosecutor's alleged misconduct at appellant's trial. Without engaging in a full-scale analysis of appellant's specific contentions, we hold that they compel neither a new trial nor a judgment of acquittal. Our thorough study of the transcript and appellant's arguments reveals that appellant primarily is concerned with the credibility of certain government witnesses and the slight confusion which evolved during trial with respect to which governmental agency was responsible for purchasing the SSS (and, whether funding by the Federal Reserve Board and appellant's discussion thereof constituted personal and substantial participation). At this juncture we simply observe that appellant was represented at trial by highly regarded and able counsel, and, of great significance, such counsel both exhaustively cross-examined the witnesses whose testimony they submit was incredible and false and argued all the relatively minor inconsistencies in the government's prosecution theory in a thorough manner. Likewise, the Trial Court instructed fully on the matter of credibility. The jury, as is obvious from the verdict rendered, believed the witnesses' explanations of appellant's actions regardless of their personal frailties, and drew the plausible *inferences* against appellant. We believe that appellant's arguments of prosecutorial misconduct represent nothing more than an attack on the sufficiency of the evidence which we have found to be without merit.

Having found appellant's contentions regarding the Trial Court's rulings on his post-verdict motions to be unpersuasive, appellant's conviction is accordingly affirmed.